UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **PARAGON PARTNERS, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 4:20-CV-001069 |
| | ) | |
| v. | ) | |
| | ) | |
| **EFS COMPANIES, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MEMORANDUM TO THE COURT REGARDING COURT'S SANCTIONS ORDER

1. In accordance with this Court's order[1] entered February 1, 2023 (the "Order"), attached hereto as Exhibit A is Plaintiff's itemized statement of fees and costs.

2. Exhibit A shows that counsel for Plaintiff's reasonable attorney's fees and costs for time spent on filings regarding the Motions to Compel and Motion for Sanctions total $12,162.50.

3. Plaintiff further advises the Court that contrary to the Court's Order for Defendants to respond <u>without objection</u> to all outstanding discovery requests within 5 days,[2] 2023, Defendants produced: Supplemental Answers to Plaintiff's First Interrogatories on February 8, 2023; Second Supplemental Responses to Plaintiff's First Requests for Production on February 9, 2023; First Supplemental Responses to Plaintiff's Second Requests for Production on February 9, 2023; and a **total of 8 pages of documents which had not been previously produced**.

4. However, contrary to the Order, Defendant Barantas Inc.'s Supplemental Answers to Plaintiff's Interrogatories states objections to Interrogatories 12 and 13 and Defendant EFS Companies LLC's Supplemental Answers to Plaintiff's Interrogatories states an objection to Interrogatory 13. The remaining Defendants who did not maintain their previous objections to the

---

[1] Case: 4:20-cv-01069-HEA Doc.#: 107 Filed: 02/01/23.
[2] February 6, 2023.

interrogatory about their other lawsuits have refused to state whether in any of their other lawsuits the court or jury made a finding or ruling on a piercing of the corporate veil analysis.

5. Moreover, Defendant Ensurety Ventures, LLC has failed to produce its 2020 tax returns which are responsive to Plaintiff's First Requests for Production Number 15.

6. Defendant EGV Companies, Inc.'s Supplemental Responses to Plaintiff's Second Requests for Production Numbers 6, 7, and 8 only identify contracts and communications between Defendants and Plaintiff, despite the request asking for contracts and communications between Defendants and *any* in-house or outside call center, of which there are many.

7. Plaintiff's Second Requests for Production to all Defendants Number 2 requests communications between Defendants and third-party organization Moxy Solutions regarding several topics. Each defendant identifies the same individual as the primary contact for Moxy Solutions, but does not actually state whether it is in possession of communications between other individuals and Moxy Solutions responsive to the Request. Given the duration of the relationship between Defendants and Moxy (and Defendant O'Brien's previous ownership interest in Moxy) Plaintiff believes it is unlikely that only the 2 pages identified in Defendant EGV's Response are all responsive documents.

8. Finally, Defendants Supplemental Response to Plaintiff's Second Request for Production to all Defendants Number 3 asks for communications between and among Defendants on a number of topics. Defendants have produced no additional documents responsive to this request since removing their objections. I note that Defendants Fox and O'Brien have not produced records of their text message communications between one another despite Mr. Fox testifying that he had turned his phone over to his attorneys. Moreover, there are suspiciously few emails between Defendants Fox and O'Brien that have been produced.

WHEREFORE, Plaintiff respectfully requests the Court to impose the evidentiary sanctions

identified in paragraphs 26, 27, 30, 32, 34, and 43 of Plaintiff's Motion for Sanctions.[3]

                                            Respectfully submitted,

                                            COSGROVE LAW GROUP, LLC
                                            */s/* David B. Cosgrove_____
                                            David B. Cosgrove, Fed# 162893
                                            dcosgrove@cosgrovelawllc.com
                                            Charles M. Simpson, Fed# 66228 MO
                                            msimpson@cosgrovelawllc.com
                                            7722 Big Bend Blvd.
                                            St. Louis, Missouri 63119
                                            314.563.2490
                                            314.968.7371 (fax)
                                            ***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on this 10th day of February 2023, a true and correct copy of the foregoing was served via the United States Federal Court's E-filing system or via email or first-class U.S. mail to the following: Brian E. McGovern at bmcgovern@mlklaw.com, Anthony Hafner at ahafner@mlklaw.com, and Bryan M. Kaemmerer at bkaemmerer@mlklaw.com.

                                            */s/* David B. Cosgrove_____
                                            ***ATTORNEYS FOR PLAINTIFF***

---

[3] Case: 4:20-cv-01069-HEA Doc.# 77 Filed 04/02/22.